UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS BUTLER, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 20-cv-2581 |
| : | |
| ANDREW SAUL, : | |
| Commissioner of the : | |
| Social Security Administration, : | |
|     Defendant. : | |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                                                    November 9, 2020
**United States District Judge**

        Plaintiff Travis Butler, who receives benefits through the Social Security Administration ("SSA"), filed this civil action challenging SSA's refusal to reinstate his benefits while Butler was confined in a halfway house following a period of incarceration. (Compl., ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1.) For the following reasons, the Court grants Butler leave to proceed *in forma pauperis* and dismisses his Complaint without prejudice to his right to file an amended complaint.

**I.    FACTUAL ALLEGATIONS[1]**

        According to the Complaint, Butler, who is sixty-seven years old, began receiving Social Security retirement benefits in 2015.[2] (Compl. 2.) On August 1, 2017, Butler was arrested for harassment and violating a protection from abuse order. (*Id.*) Butler could not afford bail and

---

[1]     The facts recited herein are taken from Butler's Complaint.
[2]     The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

was incarcerated at the Berks County Jail. (*Id.*) On May 24, 2018, Butler pled guilty to the charges against him. (*Id.*) Review of the publicly available docket reflects that Butler was sentenced to a minimum of one year's incarceration. *Commonwealth v. Butler*, CP-06-CR-4393-2017 (C.P. Berks). Following sentencing, Butler was transferred to the State Correctional Institute – Dallas. (Compl. 2.)

On October 22, 2019, Butler was released to a halfway house in Scranton, Pennsylvania operated by GEO Re-Entry Services, LLC, under a contract with the Pennsylvania Department of Corrections. (*Id.*) On three occasions over the following three months, Butler appeared at the SSA Office in Scranton and requested that this retirement benefits be reinstated. (*Id.* at 2-3.) He was told each time that his benefits would not be reinstated while he was living in the halfway house. (*Id.* at 3.) He was further told that there was nothing either he or any SSA employee could do to reinstate the payments. (*Id.*)

While living in the halfway house, Butler was able to obtain employment through the AARP Senior Employment Program at Friends of the Poor, a non-profit charity, where he was paid $7.25 per hour. (*Id.*) Butler was required to pay a percentage of his income to the halfway house, together with parole related fees and payroll taxes. (*Id.*) He also was responsible for purchasing basic necessities and availed himself of services provided by local charities to meet his needs. (*Id.*) Butler alleges that he could not save enough money on his own to move out of the halfway house. (*Id.*) He further alleges that he was unable to identify any governmental or non-profit organization that could help him with the first month's rent or a security deposit. (*Id.*). His criminal record also contributed to his inability to raise the necessary funds. (*Id.*)

On January 26, 2020, Butler maxed out his sentence and was required to move out of the halfway house. (*Id.* at 3-4.) He was forced to sleep at a homeless shelter in a church basement

while earning enough for a bus ticket back to his prior home in Berks County. (*Id.* at 4.) During this time, Butler returned to the SSA Office in Scranton and advised employees that he was living in a homeless shelter. (*Id.*) He was advised that his benefits could be reinstated. (*Id.*) Butler received $331 in benefits for February 2020 and $867 in benefits for March 2020. (*Id.*) He was able to return to Berks County, where he continues to have difficulty obtaining stable housing, and sleeps on a friend's couch. (*Id.*)

Based on the foregoing, Butler asserts that the Defendant Commissioner is misinterpreting the Beneficiary Limitation provision of the Social Security Act, §§ 202(x)(1)(A); 223(j); and 1611(e)(1)(A)(C)(D), and is thereby violating the Separation of Powers Clause of the United States Constitution, Article I, Section 1. (*Id.* at 5-6.) He refers to the Social Security Domestic Employee Reform Act of 1994. (*Id.* at 6.) He argues that the relevant statutes do not reference halfway houses and that the Defendant Commissioner has used terms in the statute to interpret it in a manner that deprives Butler and others like him of benefits. (*Id.*) Butler also invokes the Administrative Procedures Act, the Nondelegation Doctrine, and the Defined Judicial Duties under Article III, albeit only in the title of his pleading. (*Id.* at 1.)

As relief, Butler requests a judgment declaring the Commissioner's interpretation of the relevant statutes as they apply to individuals living in halfway houses to be unconstitutional. (*Id.*) He also requests compensatory damages equal to three months of benefits that he claims he should have received from November 2019 through January 2020 – approximately $2,601. (*Id.* at 6-7.) He also requests court costs and reasonable attorney's fees and such other relief as the Court deems just and proper. (*Id.* at 7.)[3]

---

[3] Butler also relates that SSA is deducting $75 per month due to an overpayment Butler received while he was incarcerated while awaiting sentencing. (*Id.* at 7 n.1.) It is not clear that Butler is asserting a claim based on these deductions.

## II. STANDARD OF REVIEW

The Court grants Butler leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Butler's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss a complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Butler is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Social Security Review - Exhaustion

In light of his request for repayment of withheld benefits, the best construction of Butler's Complaint is as a request for review of the SSA's refusal to reinstate his benefits until he was released from the halfway house. District Courts have jurisdiction to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g). However, it is not

4

clear from Butler's Complaint that he has sought to resolve his claim against the Commissioner through administrative proceedings and thereby obtained a final decision from the Commissioner, which this Court would then have jurisdiction to review. See *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) ("Ordinarily, judicial review is barred absent a 'final decision' by the Commissioner of Social Security.") (citation omitted). Because it is unclear that Butler has exhausted his administrative remedies, thereby vesting this Court with jurisdiction, his Complaint is dismissed with leave granted to amend to address the issue of exhaustion.

### B. Constitutionality of Withholding Benefits of Confined Claimants

Read liberally, Butler's additional claim is that the Commissioner's refusal to reinstate Butler's benefits while he was confined to a halfway house amounted to a Constitutional violation which resulted in a deprivation of Butler's property. However, "under well-established law, suspending Social Security benefits to individuals incarcerated for felony convictions does not violate the U.S. Constitution." *Bolus v. Saul*, 2020 WL 5033574, at *4 (M.D. Pa. July 21, 2020) (discussing Constitutionality of 20 CFR 404.468 and POMS GN 02607.160 which provide that claimants who are "confined" are not eligible for Social Security benefits under the Social Security Statute and citing cases). Butler does not allege that he was not confined during the period that his benefits were withheld and therefore cannot plausibly claim that applicable SSA regulations were improperly applied so as to deny him benefits. Because the Court cannot state based on the facts provided that Butler will not be able state a claim, however, he is granted leave to amend his Complaint.

As noted, Butler references the Administrative Procedures Act, the Nondelegation Clause of the United States Constitution, and the Defined Judicial Duties set forth in Article III of the United States Constitution in the caption of his Complaint. (ECF No. 2 at 1.) He does not

5

explain how the facts set forth in his Complaint give rise to claims under these theories and the Court declines to speculate. These claims are dismissed and Butler is permitted to amend them.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Butler leave to proceed *in forma pauperis* and dismisses his Complaint. However, this dismissal is without prejudice to Butler's right to file an amended complaint consistent with this Memorandum. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.
United States District Judge**