UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

TRAVIS BUTLER,                               :
       Plaintiff,                         :
                                             :
    v.                                       :  No. 5:20-cv-02581
                                             :
ANDREW SAUL, *COMMISSIONER*                  :
*SOCIAL SECURITY ADMINISTRATION*,            :
       Defendant.                         :
_____

**O P I N I O N**
Motion to Dismiss, ECF No. 10 – Granted

**Joseph F. Leeson, Jr.**                                                                   **December 16, 2021**
**United States District Judge**

**I.    INTRODUCTION**

      Plaintiff Travis Butler filed a Complaint challenging the constitutionality of the Social Security Administration's interpretation of the beneficiary limitation provisions of the Social Security Act relating to halfway houses after his request for reinstatement of benefits was denied because he lived in a halfway house.  The Defendant Social Security Commissioner has filed a Motion to Dismiss based on lack of subject matter jurisdiction asserting that 42 U.S.C. § 405 is the exclusive basis for jurisdiction, but Butler has not obtained a final reviewable decision.  This Court concludes that because Butler's administrative appeal is still pending and, moreover, because he has not obtained a final decision and waiver of exhaustion is not appropriate here, this Court does not have subject matter jurisdiction.  The Motion to Dismiss is granted.

**II.    BACKGROUND**

      In 2015, Butler started receiving Social Security retirement benefits, which stopped on or about August 1, 2017, when he was arrested and incarcerated.  Am. Compl. ¶¶ 1-3.  On October

22, 2019, Butler was sent to a halfway house in Scranton, Pennsylvania operated by GEO Reentry Services, LLC. *Id.* ¶ 4. Over the following three months, he went to the Scranton Social Security District office and requested that his benefits be reinstated, but was told that his benefits could not be reinstated because he lived in a halfway house. *Id.* ¶¶ 5-6.

Without benefits, Butler was unable to save enough money to move out of the halfway house, but on January 26, 2020, he maxed out on his sentence and was told that he had to leave the halfway house. *Id.* ¶¶ 7-13. Butler did not have a place to live and slept at a homeless shelter for several nights until he could save enough for some nights in a room in a low-income motel. *Id.* ¶ 14. During this period, he returned to the Social Security office and was able to have his benefits reinstated. *Id.* ¶ 15.

On May 23, 2020, he initiated the above-captioned action by filing a pro se Complaint. Compl., ECF No. 2. The Complaint alleged that the Commissioner is misinterpreting the beneficiary limitation provision of the Social Security Act, §§ 202(x)(1)(A); 223(j); and 1611(e)(1)(A)(C)(D), and is thereby violating the Separation of Powers Clause of the United States Constitution, Article I, Section 1. *Id.* 5-6. Butler asserted that the relevant statutes do not reference halfway houses and that the Commissioner has used terms in the statute to interpret it in a manner that deprives Butler and others like him of benefits. *Id.* He also invoked the Administrative Procedures Act ("APA"), the Nondelegation Doctrine, and the Defined Judicial Duties under Article III. *Id.* As relief, the Complaint requested a judgment declaring the Commissioner's interpretation of the relevant statutes as they apply to individuals living in halfway houses to be unconstitutional, as well as compensatory damages equal to three months of benefits that he claims he should have received from November 2019 through January 2020. *Id.* 6-7.

The Complaint was dismissed without prejudice on November 9, 2020, because it was unclear whether Butler had exhausted administrative remedies, as required by 42 U.S.C. § 405(g).  *See* Opn. 4-5, ECF No. 4.  *See also Butler v. Saul*, No. 20-cv-2581, 2020 U.S. Dist. LEXIS 208957, at *5 (E.D. Pa. Nov. 9, 2020).  The Court reasoned that in light of Butler's request for repayment of withheld benefits, the Complaint was properly construed as a request for review of the SSA's refusal to reinstate benefits, for which jurisdiction is found in 42 U.S.C. § 405(g).  *Id.*  The Court further stated, as it pertained to his constitutional claim, that because Butler did not allege he was not "confined" to a halfway house and there is well-established law that suspending Social Security benefits to individuals incarcerated for felony convictions does not violate the U.S. Constitution, he failed to state a claim.  *Id.* (citing *Bolus v. Saul*, 2020 WL 5033574, at *4 (M.D. Pa. July 21, 2020)).  Finally, the Court noted that Butler failed to explain how his claims are cognizable under the APA, the Nondelegation Clause of the United States Constitution, and the Defined Judicial Duties set forth in Article III of the United States Constitution.  *Id.* 5-6.

On February 8, 2021, Butler filed an Amended Complaint raising essentially the same constitutional challenge and seeking the same relief, but citing to various law to support his argument that the administrative exhaustive requirement under 42 U.S.C. § 405(g) is waived for his constitutional claim.  Am. Compl. 1-16.  The Amended Complaint also renews reliance on the APA and Article III Section 2.  *Id.* 14-15.

The Commissioner has moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.  Mot., ECF No. 10.  The Motion explains that in February 2021, the Agency issued Butler a written determination advising that he was not entitled to benefit payments for the months in which he resided at the GEO Scranton

halfway house. Mot. 3; Charleston Dec. ¶ 8, ECF No. 10-1. The letter stated that "GEO is considered a public correctional facility."[1] Letter, ECF No. 10-7. The letter further informed Butler of the right to file an administrative appeal. *Id.* Since the filing of the Motion to Dismiss, Butler submitted a reconsideration request, which the Agency reviewed and on April 4, 2021, reaffirmed its first decision. Letter and Ex. A, ECF No. 16. The April decision outlined the administrative appeal process. *See id.* Butler subsequently submitted an online appeal but referenced the February decision, not the more recent April decision, so the Agency is currently in the process of resolving the discrepancy. Kent Dec. ¶¶ 3-6 (dated Oct. 18, 2021), ECF No. 16-1. Regardless, both parties acknowledge that the administrative appeal remains pending, but assert that it does not change their jurisdictional arguments in relation to the Motion to Dismiss. *See* ECF Nos. 14-17.

### III.    LEGAL STANDARDS

#### A.    Motion to Dismiss – Federal Rule of Civil Procedure 12(b)(1)

"[T]here are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)). "[A] court must first determine whether the movant presents a facial or factual attack" because the distinction determines the standard of review. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A

---

[1]    The Commissioner explains in the Motion to Dismiss that GEO Scranton contracts with the Pennsylvania Department of Corrections to house parolees who are ordered to a structured environment for rehabilitation prior to their full release. Mot. 3 (citing https://www.cor.pa.gov/community-reentry/Documents/Handbooks/Region%202/GEO%20Scranton%20Handbook.pdf (last visited October 27, 2021).

facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska*, 462 F.3d at 302 n.3).  A factual attack challenges "subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen*, 549 F.2d at 891).  "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations. . . ." *Id.* (quoting *Mortensen*, 549 F.2d at 891) (alterations in original).  When reviewing a factual challenge, a court may consider evidence outside the pleadings.  *See Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016).

### B. Federal Jurisdiction – Review of Applicable Law

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch 137, 173-180 (1803)).

"[S]ection 405(g) of title 42 provides the exclusive avenue for judicial review of the SSA's determinations." *Campbell v. Social Security Admin.*, 446 Fed. App'x. 477, 482 (3d Cir. 2011) (citing *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977)); *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976) (holding that "42 U.S.C. § 405(h) precludes federal-question jurisdiction in an action challenging denial of claimed benefits" (citing *Weinberger v. Salfi*, 422 U.S. 749 (1975)).  In pertinent part, section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).  Before a court has jurisdiction under §405(g) "[m]odern-day claimants must generally proceed through a four-step process."  *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019).

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Id.*  Importantly, "there must have been a final decision after a hearing." *Mattern v. Mathews*, 582 F.2d 248, 253 (3d Cir. 1978) (citing 42 U.S.C. § 405(g); *Mathews v. Diaz*, 426 U.S. 67, 75-77 (1976)).  "[T]he requirement that there be a final decision by the Secretary after a hearing [is] regarded as 'central to the requisite grant of subject-matter jurisdiction….'" *Mathews*, 424 U.S. at 328 (quoting *Salfi*, 422 U.S. at 764).  Generally, "judicial review is barred absent a 'final decision' by the Commissioner of Social Security." *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) (quoting *Mathews*, 424 U.S. at 328).  "The Supreme Court has stated that the 'final decision' requirement consists of two elements . . . the requirement that the administrative remedies prescribed by the Secretary be exhausted . . . [and] that a claim for benefits shall have been presented to the Secretary." *Fitzgerald*, 148 F.3d at 234 (quoting *Mathews*, 424 U.S. at 328).

The Third Circuit has noted that of the two elements required by § 405(g), the exhaustion requirement is waivable.  *See id.* "The general requirement that plaintiffs exhaust administrative remedies before seeking judicial review is intended to promote efficiency in the administrative

process." *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 381-82 (E.D. Pa. 2007) (citing *Salfi*, 422 U.S. at 765). However, "[t]here is no need to apply the exhaustion requirement when doing so would not promote such efficiency." *Id.* at 382 (citing *Bowen v. New York*, 476 U.S. 467, 485 (1986). When considering whether to waive the exhaustion requirement, the court must determine whether the claimant's interest in prompt resolution of an issue is great enough to render deference to administrative procedures inappropriate, or whether exhaustion would be futile." *Lugo v. Heckler*, 98 F.R.D. 709, 713 (E.D. Pa. 1983) (citing *Smith v. Schweiker*, 709 F.2d 777, 781 (2d Cir. 1983)).

"As a general matter, exhaustion is appropriate for certain claims involving 'exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise.'" *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 153 (3d Cir. 2020) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Exhaustion "prevent[s] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *See Salfi*, 422 U.S. at 765-66.

    C.    **Beneficiary Limitations Provision – Review of Applicable Law**

Section 1382(e)(1)(A) of Title 42 of the United States Code provides that, with limited enumerated exceptions, "no person shall be an eligible individual or eligible spouse for purposes of this title [42 USCS §§ 1381 *et seq.*] with respect to any month if throughout such month he is an inmate of a public institution." A public institution is defined as "an institution that is operated by or controlled by the Federal government, a State, or a political subdivision of a State such as a city or county, . . . [but] does not include a publicly operated community residence

which serves 16 or fewer residents." 20 C.F.R. § 416.201. A resident of a public institution is defined as "a person who can receive substantially all of his or her food and shelter while living in a public institution. The person need not be receiving treatment and services available in the institution and is a resident regardless of whether the resident or anyone else pays for all food, shelter, and other services in the institution." 20 C.F.R. § 416.201.

## IV.   ANALYSIS

There is no dispute that Butler has not fully exhausted administrative remedies and no "final decision" has been made. In fact, Butler's claim is still pending before the SSA. Accordingly, unless the exhaustion requirement is waived, this Court lacks jurisdiction under 42 U.S.C. § 405(g).

Although the Court recognizes its authority to waive the requirement that administrative remedies be exhausted, it declines to do so here. It is unfortunate that Butler was homeless after release from the halfway house, but his situation is not a basis to waive the exhaustion requirements. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Butler will be able to challenge, if necessary, any final decision by the SSA after completing the exhaustion requirements. *See English v. SSA*, 705 F. App'x 116, 117-18 (3d Cir. 2017) (stating that although the court sympathized with the claimant, who had to continue to navigate the SSA's administrative review process, the claimant would have the right to review in federal court if unhappy with the SSA's final decision).

Butler does not contest the SSA's authority to apply the beneficiary limitation provision at 42 U.S.C. § 1382(e)(1)(A) and the courts have recognized the SSA's authority to make this

determination.  *See Barr v. Saul*, No. 3:19-CV-2161, 2020 U.S. Dist. LEXIS 206829, at *18-19 (M.D. Pa. Nov. 4, 2020) (discussing the SSA's authority to designate the GEO Scranton a public institution under the beneficiary limitation provision).  The SSA Program Operations Manual System ("POMS") SI 00520.800 states: "When an SSI applicant or beneficiary resides in an institution, SSA must determine what kind of institution it is. For example, is it public or private, a medical treatment facility, a publicly operated community residence (POCR), etc?"  *See* https://secure.ssa.gov/poms.nsf/lnx/0500520800 (last visited December 15, 2021).  The POMS outlines the SSA's procedure and responsibility in determining facility status, as well as the creation, duration, and revision of precedent.  Accordingly, for this Court to determine whether the SSA misinterpreted the provision and thereby exceeded its authority to essentially create new law in violation of the separation of powers doctrine, which is the constitutional claim at issue, this Court would need to review the agency's process and discretionary determinations.  This type of review is not appropriate before exhaustion.  *See Cirko*, 948 F.3d at 153; *Salfi*, 422 U.S. at 765-66.

Notably too, the Appeals Council may reverse a prior determination that a facility is a public institution under the beneficiary limitation provision.  *See* POMS SI 00520.800.  This further weighs against waiving the exhaustion requirement because exhaustion would not necessarily be futile.  *See Lugo*, 98 F.R.D. at 713.  For all these reasons, the exhaustion requirement is not waived and this Court lacks jurisdiction to review the claim under § 405(g).  *Accord Ryan v. Bentsen*, 12 F.3d 245, 246-47 (U.S. App. D.C. 1993) (affirming the district court's dismissal for lack of subject matter jurisdiction of the petitioner's constitutional challenge to the suspension of his Social Security benefits under 42 U.S.C. § 402(x), which prohibits

payment of Social Security benefits to incarcerated felons, because he had not exhausted his administrative remedies).

Butler's suggestion that this Court also has jurisdiction of this action pursuant to the APA and/or Article III Section 2 of the United States Constitution is incorrect. *See Califano*, 430 U.S. at 105 (holding that "the APA . . . does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action"); *Fanning v. United States*, 346 F.3d 386, 402 (3d Cir. 2003) (holding that § 405(h) of the Social Security Act precluded the district court from having federal question jurisdiction).

## V.  CONCLUSION

Butler has not obtained a final decision of the Commissioner of Social Security and waiver of the exhaustion requirement is not appropriate here. This Court therefore lacks subject matter jurisdiction. The Motion to Dismiss is granted.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge